IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF HAWAII ex rel. BETHANY J. LEWIS, <br><br>               Relator, <br><br>  vs. <br><br>HONOLULU COMMUNITY ACTION PROGRAM, INC.; HONOLULU COMMUNITY ACTION PROGRAM dba HCAP HEAD START; ROBERT N.E. PIPER, in his individual capacity and as the Executive Director of HONOLULU COMMUNITY ACTION PROGRAM, INC.; LYNN K. CABATO, in her individual capacity and as Director of HCAP HEAD START; ROBYN ANTONUCCI, in her individual capacity and as Assistant Director of HCAP HEAD START; DONNA MANIBOG, in her individual capacity and as Assistant Director of HCAP HEAD START; SONIA CHAN, in her individual capacity and as Information Technology Manager of HCAP HEAD START, <br><br>               Defendants. | Civ. No. 16-00062 JMS-KJM <br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, ECF NO. 38 |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, ECF NO. 38**

## I. INTRODUCTION

Relator Bethany J. Lewis ("Relator"), on behalf of herself, the United States of America, and the State of Hawaii, has filed a multicount qui tam action against Defendants Honolulu Community Action Program, Inc.; Honolulu Community Action Program, Inc., dba HCAP Head Start; Robert N.E. Piper; Lynn K. Cabato; Robyn Antonucci; Donna Manibog; and Sonia Chan (collectively, "Defendants") alleging various violations of the federal False Claims Act (the "FCA"), under 31 U.S.C. § 3729, and Hawaii's False Claims Act, under Hawaii Revised Statutes ("HRS") § 661-21.  ECF No. 1.  In the Complaint, Relator alleges that Defendants used "ghost children" — children who had applied to the program, but were either not actually enrolled in the Head Start program or had been dropped from the program — to increase their enrollment levels to obtain Head Start funding.  *Id.*  Defendants move to dismiss the Complaint for failure to state a claim upon which relief can be granted.  ECF No. 38.  For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

### A. Factual Background

Relator claims that HCAP Head Start, a private non-profit company, received federal and State of Hawaii grants to provide services to promote the

2

school readiness of qualifying children from low-income families. Compl. ¶¶ 24, 25, 27, 31. Relator alleges that from the 2010/2011 school year to the 2015/2016 school year, HCAP Head Start was required to enroll a certain number of children — approximately 1,650 children — to maintain its funding. *Id.* ¶¶ 41-47. For these school years, Relator alleges that HCAP Head Start increased the enrollment numbers by wrongfully including the following groups in its enrollment numbers: (1) children who applied but were never enrolled; (2) children who applied but did not qualify; and (3) children who were enrolled without completing the proper enrollment procedures. *Id.* ¶¶ 48, 49. Relator claims that Defendants used the term "ghost children" to describe the children who fell into these categories. *Id.* ¶¶ 49, 51. In the Complaint, Relator alleges a number of different tactics that Defendants used to falsify the enrollment numbers. *See id.* ¶¶ 52-58.

**B.     Procedural History**

On February 12, 2016, Relator filed the Complaint, on behalf of herself, the United States of America, and the State of Hawaii. ECF No. 1. Relator alleges: (Count I) Violation of the Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(A); (Count II) Violation of the Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(B); (Count III) Conspiracy to Violate the Federal False Claims Act, 31 U.S.C. § 3729(a)(1)(C); (Count IV) Violation of the State False Claims Act,

HRS § 661-21(1); (Count V) Violation of the State False Claims Act, HRS § 661-21(2); and (Count VI) Conspiracy to Violate the State False Claims Act, HRS § 661-21(8). *Id.* The Complaint was unsealed by order of the court on April 16, 2018 (order signed on April 13, 2018). ECF No. 31. Defendants filed their Motion to Dismiss on June 18, 2018, ECF No. 38; Relator filed her Opposition on August 20, 2018, ECF No. 49; and Defendants filed their Reply on August 27, 2018, ECF No. 50. A hearing was held on September 10, 2018.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet — that the court must accept as

4

true all of the allegations contained in the complaint — "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 679.

## IV. **DISCUSSION**

Defendants argue that Counts I, II, IV, and V fail to allege fraud with particularity under Federal Rule of Civil Procedure 9(b). The court disagrees. Defendants also argue that Counts III and VI fail to allege conspiracy between two or more legally independent parties, and Relator concedes the issue. Accordingly, the Motion is GRANTED in part and DENIED in part.

### A. **Counts Alleging Fraud (Counts I, II, IV, and V)**

Relator alleges that Defendants committed fraud, violating several provisions of the FCA, 31 U.S.C. §§ 3729(a)(1)(A)-(C), and Hawaii's False Claims Act HRS §§ 661-21(1)-(2). Defendants argue that Relator did not plead

5

fraud with particularity as mandated by Rule 9(b). Defendants' argument is unpersuasive.[1]

Rule 9(b) provides: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

> To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong. Such a requirement is wholly consistent with the purpose of the FCA. . . . [Q]ui tam suits are meant to encourage insiders privy to a fraud on the government to blow the whistle on the crime. Because insiders privy to a fraud on the government should have adequate knowledge of the wrongdoing at issue, such insiders should be able to comply with Rule 9(b).

*Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal editorial marks and citations omitted).

Relator pleads her fraud claims with sufficient particularity, providing the "who, what, when, where, and how" of the alleged fraud. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted). In the Complaint, Relator:

---

[1] Although Defendants point out that changes were made in 2015 to C.F.R. § 1305.2(b) that may have affected what children were considered "enrolled" for the purposes of Head Start funding, Defendants provide that information as background only. *See* ECF No. 38-1 at 8-9; ECF No. 50 at 12-13.

(1) identifies individuals involved in the alleged fraud; (2) describes a scheme to inflate enrollment numbers to obtain Head Start funding; (3) identifies the school years in which those deceptions allegedly took place; (4) lists the specific locations of the "cluster groups" that had "ghost children" added to the enrollment numbers; and (5) describes in detail the actions those individuals made to inflate enrollment numbers.

Defendants also argue that Relator failed to allege that a false claim was submitted to the government. ECF No. 38-1 at 13; ECF No. 50 at 15-17. But Relator alleges in the Complaint: (1) how HCAP Head Start must report to the government on a monthly basis regarding enrollment numbers, *see* Compl. ¶ 42; (2) how Defendants used "ghost children" to fraudulently boost enrollment numbers, *see id*. ¶¶ 48-58; and (3) how HCAP Head Start must meet certain enrollment levels to qualify for Head Start grants, *see id*. ¶¶ 41-47.

In sum, Defendants have been given sufficient notice of the fraud charges brought against them. And thus the court denies Defendants' motion to dismiss the fraud counts (Counts I, II, IV, and V).[2]

---

[2] Accordingly, Defendants' argument that Counts III and VI are derivative of improperly pled Counts I, II, IV, and V is moot. *See* ECF No. 38-1 at 14-16.

## B. Counts Alleging Conspiracy (Counts III and VI)

Relator alleges in the Complaint that Defendants conspired to violate the FCA, 31 U.S.C. § 3729(a)(1)(C), and Hawaii's False Claims Act, HRS § 661-21(8). Defendants argue, and Relator concedes, that the intracorporate conspiracy doctrine bars the conspiracy counts.[3] ECF No. 38-1 at 16-18; Opp. at 18, ECF No.

---

[3] "The intracorporate conspiracy doctrine provides that, as a matter of law, a corporation cannot conspire with its own employees or agents." *Hoefer v. Fluor Daniel, Inc.*, 92 F. Supp. 2d 1055, 1057 (C.D. Cal. 2000); *see also Nelson Radio & Supply Co. v. Motorola, Inc.*, 200 F.2d 911, 914 (5th Cir. 1952) ("It is basic in the law of conspiracy that you must have two persons or entities to have a conspiracy. A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation."). "[T]his doctrine applies to conspiracy claims outside of antitrust, where it was originally developed, and has in fact been applied by several federal courts to claims under the FCA." *United States ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038 (C.D. Cal. 2012). It is worth noting, however, that the Ninth Circuit refused to extend the doctrine to RICO cases. *Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 787 (9th Cir. 1996) ("Since a subsidiary and its parent theoretically have a community of interest, a conspiracy 'in restraint of trade' between them poses no threat to the goals of antitrust law — protecting competition. In contrast, intracorporate conspiracies do threaten RICO's goals of preventing the infiltration of legitimate businesses by racketeers and separating racketeers from their profits." (quoting *Ashland Oil, Inc. v. Arnett*, 875 F.2d 1271, 1281 (7th Cir. 1989))).

While the Ninth Circuit has not ruled on whether the doctrine applies to the FCA, several district courts in the Ninth Circuit have found that the doctrine applies to the FCA. *See United States v. Cmty. Recovery Res., Inc.*, 2017 WL 2257175, at *9-10 (E.D. Cal. May 23, 2017) (summarizing cases). The court likewise finds no threat to the goals of the FCA by applying the doctrine. *See id.* at *9 ("[T]he only conceivable victim of an FCA conspiracy is the government, which has the power to criminally prosecute corporations and their employees where there is a basis for such allegations. Accordingly, to the extent that application of the [intracorporate conspiracy doctrine] to the FCA conspiracy claims does not immunize all conspiracies from redress where defendants are coincidentally employees of the same corporation, the [intracorporate conspiracy doctrine] appears consistent with the ultimate aim of the FCA." (citation omitted)).

Hawaii case law has not addressed whether the doctrine would apply to conspiracy claims under Hawaii's False Claims Act. But the relevant language in each Act is essentially identical and the purposes of the two acts are also the same. Thus, the court applies the

(continued . . .)

49.  Therefore, the court grants Defendants' motion to dismiss the conspiracy counts (Counts III and VI).

## V. **CONCLUSION**

Defendants' Motion to Dismiss is GRANTED in part as to Counts III and VI and DENIED in part as to Counts I, II, IV, and V.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 13, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States ex rel. Lewis, et al. v. Honolulu Cmty. Action Program, Inc., et al.*, Civ No. 16-00062 JMS-KJM, Order Granting in part and Denying in part Defendants' Motion to Dismiss, ECF No. 38

---

(. . . continued)
intracorporate conspiracy doctrine to both Relator's federal and state conspiracy claims under their respective False Claims Acts.