IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF HAWAI'I ex rel. BETHANY J. LEWIS,<br><br>    Relator,<br><br> vs.<br><br>HONOLULU COMMUNITY ACTION PROGRAM, INC., HONOLULU COMMUNITY ACTION PROGRAM, INC., dba HCAP HEAD START, ROBERT N.E. PIPER, in his individual capacity and as Executive Director of HCAP, INC., LYNN K. CABATO, in her individual capacity and as Director of HCAP HEAD START, ROBYN ANTONUCCI, in her individual capacity and as Assistant Director of HCAP HEAD START, DONNA MANIBOG, in her individual capacity and as Assistant Director of HCAP HEAD START, SONIA CHAN, in her individual capacity and as Information Technology Manager of HCAP HEAD START,<br><br>    Defendants.<br>_____ | Civil No. 16-00062 JMS-KJM<br><br>FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS |

FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE COSTS

On December 20, 2019, Defendants Honolulu Community Action Program,

Inc., Honolulu Community Action Program, Inc., dba HCAP Head Start, Robert N.E. Piper, in his individual capacity and as Executive Director of HCAP, Inc., Lynn Cabato, in her individual capacity and as Director of HCAP Head Start, Robyn Antonucci, in her individual capacity and as Assistant Director of HCAP Head Start, Donna Manibog, in her individual capacity and as Assistant Director of HCAP Head Start, Sonia Chan, in her individual capacity and as Information Technology Manager of HCAP Head Start (collectively, "Defendants") filed a Motion for Attorneys' Fees and Related Non-Taxable Costs ("Motion").  ECF No. 102.  On January 22, 2020, Relator Bethany J. Lewis ("Relator") filed her Memorandum in Opposition to the Motion.  Defendants filed their Reply Memorandum on January 29, 2020.  ECF. No. 107.  This Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  After carefully considering the Motion, the applicable law and the record in this case, the Court FINDS and RECOMMENDS that the district court DENY the Motion for the reasons set forth below.

## BACKGROUND

On February 12, 2016, Relator filed a Qui Tam Complaint, on behalf of herself, the United States of America, and the State of Hawaii.  ECF No. 1.  Relator's Complaint alleges various violations of the Federal and State False

Claims Act.[1]  ECF No. 1.  On April 13, 2018, the United States of America filed a Notice of Election to Decline Intervention.  ECF No. 29.  Defendants filed a Motion to Dismiss on June 18, 2018, which sought dismissal of all claims.  ECF No. 38.  The district court held a hearing on the Motion to Dismiss on September 10, 2018.  ECF No. 52.  Subsequently, on September 13, 2018, the district court issued an Order granting the Motion to Dismiss as to Counts III and VI, but denying the Motion to Dismiss as to Counts I, II, IV, and V.  ECF No. 53.  On September 28, 2018, Defendants filed their Answer.  ECF No. 55.

　　Defendants filed a Motion for Summary Judgment ("SJ Motion") as to all remaining counts on June 10, 2019.  ECF No. 76.  The district court heard the SJ Motion on September 17, 2019.  ECF No. 89.  On September 27, 2019, the Court entered an Order granting Defendants' SJ Motion on all remaining counts.  ECF No. 93.  The Clerk of the Court entered Judgment on September 27, 2019.  ECF No. 94.  Thereafter, on December 20, 2020, Defendants filed the instant Motion.  ECF No. 102.  Relator filed her Memorandum in Opposition on January 22, 2020.[2]

---

[1] Relator alleged the following counts:  Count I:  Violation of the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(A)); Count II:  Violation of the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(B)); Count III:  Conspiracy to Violate the Federal False Claims Act (31 U.S.C. § 3729(a)(1)(C)); Count IV:  Violation of the State False Claims Act (Hawaii Revised Statutes ("HRS") § 661-21(1));  Count V:  Violation of the State False Claims Act (HRS § 661-21(2));  and Count VI:  Conspiracy to Violate the State False Claims Act (HRS § 661-21(8)).
[2] The Court granted Relator's Motion to Extend Briefing Deadline to permit Relator to File a Memorandum in Opposition to Defendants' Motion for Attorneys'

3

ECF. No. 106.  Defendants filed their Reply Memorandum on January 29, 2020.

ECF No. 107.

## DISCUSSION

Defendants are seeking an award of $272,266.25 in attorneys' fees and $215.30 in non-taxable costs under 31 U.S.C. § 3730(d)(4).[3]  The False Claims Act ("FCA") provides that:

> [i]f the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fee and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for the purposes of harassment.

31 U.S.C. § 3730(d)(4).

The Court notes that there are few published decisions awarding fees under 31 U.S.C. § 3730(d)(4).  The Ninth Circuit has stated the standard for awarding fees to a prevailing defendant under § 3730(d)(4) "tracks [the] formulation as to when fees are appropriate under 42 U.S.C. § 1988 to a prevailing defendant."

---

Fees and Related Non-Taxable Costs on January 15, 2020, setting the deadline for the Opposition to the Motion on January 22, 2020 and the deadline for any Reply be filed on January 29, 2020.  ECF No. 105.

[3] Defendants also request, should they prevail, leave to submit an additional declaration detailing additional attorneys' fees and costs incurred in the bringing and defending of this Motion.

*Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1062 (9th Cir. 2006). "As such, § 1988 cases are instructive in deciding whether fees are appropriate under the False Claims Act." *Id.* (citing S. Rep. No. 99-346 at 29). [4]

    A.    Attorneys' Fees and Costs sought pursuant to 31 U.S.C. § 3730(d)(4)

Defendants seek attorneys' fees and costs from Relator.[5] Defendants argue that Relator's claims in this action were clearly frivolous, and as a result they are entitled to recover their attorneys' fees and costs. Defendants contend that Relator and/or her counsel knew that Relator did not have the evidentiary or legal support for her claims, but nevertheless continued to litigate the case. ECF No. 102 at 20. In support of this contention, Defendants assert that "Relator acknowledged that her conspiracy claims had no basis in law or fact" and admitted such when she did not oppose the dismissal of Counts III and VI. ECF No. 102 at 13. Additionally, Defendants contend that Relator and her counsel were vexatious in the pursuit of this litigation. For example, Relator failed to pursue discovery in a diligent manner which led to the waste of the Defendants' and the Court's time and resources.

---

[4] The legislative history of the FCA also notes that Congress intended the standard in the FCA to reflect what is found in § 1988. S. Rep. No 99-345 at 29.

[5] The Motion also requests attorneys' fees and costs pursuant to § 3730(g), 28 U.S.C. § 2412, and Hawaii Revised Statutes §§ 607-9 and 607-14. *See* ECF No. 102 at 3-4. Defendants' memorandum in support of the Motion, however, does not analyze Defendants' request under these statutes. The Court thus does not address whether Defendants are entitled to attorneys' fees and costs under § 3730(g), § 2412, and Hawaii Revised Statutes §§ 607-9 and 607-14.

"An action is 'clearly frivolous' when 'the result is obvious or the appellant's arguments of error are wholly without merit.'" *Pfingston*, 284 F.3d at 1006 (quoting *Vernon v. City of L.A.*, 27 F.3d 1385, 1402 (9th Cir. 1994)). A "clearly vexatious" or "brought primarily for purposes of harassment" action is when a relator "pursues the litigation with an improper purpose, such as to annoy or embarrass the defendant." *Id.* Based on the submissions and records in this case, this Court cannot find that Relator's case was "clearly frivolous." Defendants' arguments are unpersuasive. While arguably, Relator could have done more to help herself in this case, the Court cannot say that Relator's claims were meritless just because the evidence supporting her claim did not materialize or because the eventual result was in Defendants' favor.

Moreover, the district court made no finding that Relator's claims were frivolous in either the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss [ECF No. 53] or the Order Granting Defendants' Motion for Summary Judgment [ECF No. 93]. Additionally, this Court should not be swayed by the fact that Relator did not ultimately prevail. *See Christiansburg Garment Co. v. Equal Emp't Oppty Comm'n*, 434 U.S. 412, 421-22 (1978) (concerning a civil rights action in which the Supreme Court stated that the "district court [should] resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have

been unreasonable or without foundation"); See also *Maag v. Wessler*, 993 F.2d 718, 721 (9th Cir. 1993) (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)) (per curiam) ("'[T]he fact that Plaintiff may ultimately lose his [civil rights] case is not in itself a sufficient justification for the assessment of fees.'"); *Galen v. Cty of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007) (stating that a plaintiff losing at summary judgment does not render his or her case per se frivolous, unreasonable, or without foundation).

Further, Defendants have shown no evidence that Relator filed this action for an improper purpose or primarily to harass. As the Ninth Circuit has previously noted, a fee award under the FCA "is reserved for rare and special circumstances." *Pfingston*, 284 F.3d at 1007. Although, Relator's claims were not able to overcome the SJ Motion, this Court finds that Relator's claims were not clearly frivolous and that Defendants have not shown a rare or special circumstance that justify an award of attorneys' fees and costs under § 3730(d)(4) in this case.

B.     Attorneys' Fees and Costs sought pursuant to 28 U.S.C. § 1927

Defendants further seek to recover attorneys' fees and costs from Relator's counsel under 28 U.S.C. § 1927. This statute provides that:

> [a]ny attorney . . . who so multiplies the proceeding . . . unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and

>     attorney's fees reasonably incurred because of such
>     conduct.

28 U.S.C. § 1927.

Defendants contend that Relator's counsel's conduct in this case warrants an award of attorneys' fees and costs against Relator's counsel.  Defendants argue that Relator's counsel's failure to diligently conduct as well as respond to discovery and his failure to end the litigation when it was clear that there was no evidentiary support for Relator's claims warrant the imposition of fees and costs.

A fee award under § 1927 "'must be supported by a finding of subjective bad faith.'"  *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996) (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989)).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Estate of Blas through Chargualar v. Winkler*, 792 F.2d 858, 860 (9th Cir. 1986). Therefore, to prevail on an attorneys' fees and costs request under § 1927, Defendants need to show that Relator's Counsel "recklessly made frivolous filing or arguments, or otherwise acted 'for the purpose of harassing an opponent' or some other improper purpose."  *United States ex rel. Berg v. Honeywell International, Inc.*, Case No. 3:07-CV-00215-SLG, 2017 WL 1843688, at *1 (D. Alaska May 8, 2017).

8

The evidence presented by Defendants to show bad faith does not rise to the level of recklessness, nor have the Defendants shown that Relator's counsel's actions were for the purpose of harassing Defendants. Thus, Defendants fail to establish that they are entitled to attorneys' fees and costs from Relator's counsel under § 1927.

This Court, having found that Defendants are not entitled to attorneys' fees and costs from either Relator or Relator's counsel, need not determine the reasonableness of the fees and costs requested.

## CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the district court DENY Defendants' Motion for Attorneys' Fees, filed December 20, 2019.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 5, 2020



Kenneth J. Mansfield
United States Magistrate Judge

*United States of America, et al. v. Honolulu Community Action Program, Inc., et al.*, CV 16-00062 JMS-KJM; Findings and Recommendation to Deny Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs